IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| STATE OF ILLINOIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:13-cv-01555-SLD-JAG |
| ) | |
| POLYONE CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:13-cv-01550-SLD-JAG |
| ) | |
| POLYONE CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff State of Illinois ("Illinois") requests that its suit against Defendant PolyOne Corporation ("PolyOne") be consolidated with a similar suit before this Court against PolyOne by the United States of America ("United States"). For the following reasons, the Court GRANTS Illinois' Unopposed Motion for Consolidation of Actions, ECF No. 4.[1]

## BACKGROUND

On November 20, 2013, the United States initiated a suit against PolyOne for alleged violations of the Clean Air Act ("CAA"), 42 U.S.C. § 7401 *et seq.*, the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6901 *et seq.*, and the Clean Water Act ("CWA"), 33 U.S.C.

---

[1] Unless otherwise indicated, all docket citations reference *State of Illinois v. PolyOne Corporation*, No. 13-cv-1555.

1

§ 1311 *et seq.*, at former PolyOne facilities in Henry, Illinois, and Pedricktown, New Jersey. No. 13-cv-1550, ECF No. 1. The same day, the United States filed a proposed Consent Decree that would resolve all its claims against PolyOne, which was signed by PolyOne, Illinois, the United States, and PolyOne facilities' purchaser Mexichem Specialty Resins, Inc. ("Mexichem").[2] No. 13-cv-1550, ECF No. 4. The Decree notes that the plaintiffs planned to request consolidation of the state and federal cases, and that PolyOne did not object. *Id.* at 3.

On November 22, 2013, Illinois filed its suit against PolyOne, seeking similar relief for similar alleged violations of the CAA, the RCRA, and the Illinois Environmental Protection Act, 415 ILCS 5/1 *et seq.*, at PolyOne's Illinois facility. ECF No. 1. Illinois followed with a motion to consolidate the cases on December 4, 2013, in which it affirmed that the Consent Decree in the United States' case would also resolve all Illinois' claims against PolyOne. ECF No. 4 at 1.

## DISCUSSION

### I. Legal Standard

A court may consolidate cases if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). Local Rule 42.1 requires a party to notify the court "at the first opportunity" when the party "knows that a newly filed case is related to another case already pending in the district." The decision to consolidate is committed to the court's discretion. *Disher v. Citigroup Global Mkts., Inc.*, 487 F. Supp. 2d 1009, 1013 (S.D. Ill. 2007) (citing *United States v. Knauer*, 149 F.2d 519, 520 (7th Cir. 1945)). Courts consider factors such as: the similarity of questions of law and fact, the goals of judicial efficiency and avoidance of inconsistent verdicts, and

---

[2] Under the terms of its Asset Purchase Agreement, incorporated into the Consent Decree, Mexichem has agreed to meet all outstanding obligations of PolyOne under the Consent Decree not yet performed at time of closing. ECF No. 1 at 3; No. 13-cv-1550, ECF No. 4 at 3.

whether consolidation will delay the proceeding, *Slezak v. Indep. Courier Servs., Inc.*, Nos. 12-cv-1477, 13-cv-1037, 2013 WL 442772, at *1 (C.D. Ill. Feb. 5, 2013), as well as the risk of jury confusion and impact of consolidation on each party's right to receive a fair trial, *Davis v. City of Springfield*, No. 07-3096, 2007 WL 3243053, at *2 (C.D. Ill. Nov. 1. 2007) (holding that risk of prejudice to defendants "tips the balance in favor of separate trials").

Consolidation regularly occurs where federal and local governments enter into a joint consent decree with a defendant facing overlapping environmental claims. *See, e.g., City of Bloomington v. Westinghouse Elec. Corp.*, 824 F.2d 531, 533 (7th Cir. 1987) (noting that district court consolidated city and federal cases against alleged polluter subject to entry of final consent decree); *Frey v. U.S. Envtl. Prot. Agency*, No. 00-cv-660, 2008 WL 696009, at *1 (S.D. Ind. Mar. 11, 2008) (noting consolidation of municipal and federal suits to obtain consent decree compelling defendant to cleanup contaminated dump sites).

**II. Analysis**

The United States' and Illinois' suits against PolyOne involve similar issues of law and fact, as the plaintiffs implicitly affirm in acknowledging that the single Consent Decree—to which all parties in both cases are signatories—would resolve all claims against PolyOne. This is to be expected, as the suits each allege that many of the same activities and omissions by PolyOne at the Henry facility violated many of the same provisions of the CAA and RCRA. The anticipated ability to dispose of both cases through a single ruling on the Consent Decree undeniably serves the interest of judicial economy and prevents inconsistent judgments. The early, undeveloped status of both cases and presence of a pre-negotiated, comprehensive Consent Decree indicate that consolidation would not delay, but likely accelerate, disposition of the cases.

Finally, the absence of any objection to consolidation and the parties' pre-existing agreement on the terms of the proposed settlement suggest that no party is likely to be denied a fair trial or otherwise prejudiced by consolidation. Consolidation of the cases is therefore appropriate.

## CONCLUSION

Plaintiff Illinois' Unopposed Motion for Consolidation of Actions, ECF No. 4, is GRANTED. The clerk is directed to consolidate case No. 13-cv-1555 with No. 13-cv-1550. Parties shall file all future motions, notices, and other documents in the consolidated cases in the earlier filed case, *United States v. PolyOne Corporation*, No. 13-cv-1550.

Entered this 13th day of December, 2013.

                                                              s/ Sara Darrow
                                                              SARA DARROW
                                        UNITED STATES DISTRICT JUDGE